UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MERCEDES BURNETT,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**REDTAIL TRANSPORT INC.,**<br><br>    **Defendant.** | Case No.: 5:25-cv-1738-HDM |

## MEMORANDUM OPINION

Plaintiff Mercedes Burnett alleges that her former employer, Defendant Redtail Transport Inc., discriminated against her on the basis of sex and then retaliated against her after she complained. Without reaching the merits, the court finds this case is due to be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41.

Plaintiff Mercedes Burnett, with the assistance of counsel, commenced this action on October 9, 2025, and named her former employer, Redtail Transport Inc., as the sole defendant. (Doc. 1). As the plaintiff, Burnett was required to serve Redtail with a summons and copy of the Complaint on or before January 7, 2026, *see* Fed. R. Civ. P. 4(c)(1), and then prove such service to the court, Fed. R. Civ. P. 4(l)(1). As of January 20, 2026, Burnett had not demonstrated proper service upon Redtail and the court entered the following order:

> Plaintiff Mercedes Burnett, having failed to demonstrate service of process upon Defendant Redtail Transport Inc. within the timeframe specified by Federal Rule of Civil Procedure 4, is **ORDERED** to show cause in writing on or before **February 3, 2026**, why this case should not be dismissed for failure to prosecute. Failure to do so may result in the dismissal of this matter. Fed. R. Civ. P. 4(m).

(Doc. 2). Burnett failed to respond to the order to show cause on or before February 3rd, and, as of the date of this Memorandum Opinion, has taken no action in this case since filing her Complaint more than five months ago.

"A district court need not tolerate defiance of reasonable orders," *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv. Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (citations omitted), and certainly not orders designed to confirm it has jurisdiction over the defendant and that the case may proceed, *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("[A] court lacks jurisdiction over the person of a defendant when that defendant has not been served."). Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it," Fed. R. Civ. P. 41(b), and the Eleventh Circuit has held that a court may act *sua sponte* pursuant to this rule as part of its inherent authority to manage its own docket, *see, e.g.*, *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citations omitted). A

dismissal for failure to obey a court order should be with prejudice "*only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1337–38 (citation and quotation marks omitted). Negligence is insufficient to support a dismissal with prejudice, *Powell v. Siegal*, 447 F. App'x 92, 93 (11th Cir. 2011) (per curiam), and this court generally does not find "a clear pattern of delay or willful contempt," *Betty K Agencies, Ltd.*, 432 F.3d at 1338, unless the plaintiff has demonstrated sustained, recurring disobedience, *compare Barker v. Fabarc Steel Supply Inc.*, No. 1:23-cv-625, 2025 WL 480798, at *1 (N.D. Ala. Feb. 12, 2025) (dismissing a complaint with prejudice because the plaintiff "repeatedly failed to respond to filings and court orders"), *with Eidson v. Albertville Auto Acquisitions, Inc.*, No. 4:19-cv-459, 2022 WL 3229950, at *4 (N.D. Ala. Aug. 10, 2022) (dismissing a complaint without prejudice because "months of . . . inaction . . . argues in favor of deeming that delay to be the result of 'negligence' rather than 'willful contempt.'").

This court is not obliged to overlook Burnett's failure to follow a direct, unambiguous order, *Equity Lifestyle Props., Inc*, 556 F.3d at 1241, and the court finds that her Complaint is due to be dismissed pursuant to Rule 41(b), Fed. R. Civ. P. 41(b), and, by extension, its own inherent authority, *Betty K Agencies, Ltd.*, 432 F.3d at 1337. The scant record of the case does not permit the court to find that

Burnett demonstrated a clear, sustained pattern of delay or willful contempt, *id.* at 1337–38, and it is equally likely that she acted with mere negligence, *Powell*, 447 F. App'x at 93. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is **DIRECTED** to close this case. The court will enter a separate final judgment.

**DONE** and **ORDERED** on February 24, 2026

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE